**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30016 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00081-LRS |
| v. | |
| JASON LEE JENNEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted September 16, 2013[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Jason Lee Jennen appeals from the district court's judgment and challenges

the nine-month custodial term and the 25-month term of supervised release

imposed upon revocation of supervised release.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Jennen contends that the district court erred procedurally by (1) presuming

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that a within-Guidelines sentence was reasonable; (2) failing to explain adequately why it rejected the sentencing recommendations of both parties in favor of the sentence selected; and (3) relying improperly upon rehabilitation in selecting a sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The record reflects that the district court did not presume the reasonableness of a within-Guidelines sentence and that it considered the arguments of both parties and adequately explained its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Furthermore, the record reflects that the court considered Jennen's need and desire for rehabilitation in the appropriate context of evaluating the need for a supervised release term, rather than in determining whether to impose a prison term or the length of that term. *See United States v. Grant*, 664 F.3d 276, 280, 282 (9th Cir. 2011).

Jennen also argues that the overall sentence is substantively unreasonable. We review for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and find none. The sentence imposed is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) factors, including the need to deter and to protect the public. *See id.*

**AFFIRMED.**

2